UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| D.W.,[1]<br><br>    Plaintiff,<br><br>v.<br><br>MARTIN O'MALLEY, Commissioner of Social Security Administration,[2]<br><br>    Defendant. | Case No. 23-cv-06189-PHK<br><br>**ORDER RE: MANDATORY SCREENING OF COMPLAINT PURSUANT TO 28 U.S.C. § 1915(e)(2)(B)**<br><br>Re: Dkt. No. 1 |

    Plaintiff D.W. ("Plaintiff") brings this action under the Social Security Act, 42 U.S.C. § 405(g), seeking judicial review of a final decision by the Commissioner of the Social Security Administration, Defendant Martin O'Malley ("Commissioner"), denying Plaintiff's applications for disability insurance benefits and supplemental security income. [Dkt. 1]. The Court previously granted Plaintiff's application to proceed *in forma pauperis* ("IFP"), in accordance with 28 U.S.C. § 1915(a). [Dkt. 9]. The Court now analyzes Plaintiff's Complaint pursuant to the requirements of § 1915(e)(2)(B).

    Any complaint filed pursuant to the IFP provisions of § 1915(a) is subject to mandatory review by the Court and *sua sponte* dismissal if the Court determines the complaint is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief

---

[1] In actions involving requested review of a decision by the Commissioner of the Social Security Administration, the Court generally refers to plaintiffs solely by their initials out of an abundance of caution and regard for any privacy interests.

[2] This lawsuit was initially filed against Kilolo Kijakazi, who was then the Acting Commissioner of the Social Security Administration. *See* Dkt. 1. Pursuant to Federal Rule of Civil Procedure 25(d), Ms. Kijakazi's successor, Martin O'Malley, is "automatically substituted" as Defendant.

against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). Complaints in social security cases are not exempt from this screening requirement. *See Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."); *see also Hoagland v. Astrue*, No. 1:12-cv-00973-SMS, 2012 WL 2521753, at *1 (E.D. Cal. June 28, 2012)) ("Screening is required even if the plaintiff pursues an appeal of right, such as an appeal of the Commissioner's denial of social security disability benefits.").

As an initial matter, the Court finds that the instant Complaint does not "seek[] monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(iii). First, the Complaint does not seek monetary relief in the form of damages from the Commissioner, but rather seeks a Judgment and Order reversing the Commissioner's decision on the applied-for benefits at issue. [Dkt. 1]. Second, the Commissioner is not immune from the relief requested. To the contrary, the Social Security Act expressly authorizes federal judicial review of "any final decision of the Commissioner of Social Security made after a hearing on which [the plaintiff] was a party." 42 U.S.C. § 405(g).

As in most social security cases, the substantive bulk of the § 1915(e)(2)(B) screening determination focuses on whether the Complaint "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). Determining whether a complaint satisfies this requirement is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (citation omitted). The context here is guided by the fact that this is a social security disability appeal brought by an indigent plaintiff. "Although a complaint in a social security disability appeal may differ in some ways from complaints in other civil cases, it is 'not exempt from the general rules of civil pleading.'" *Lynnmarie E. v. Saul*, No. 21-cv-00244-JLB, 2021 WL 2184828, at *2 (S.D. Cal. May 28, 2021) (quoting *Hoagland*, 2012 WL 2521753, at *2).

In reviewing a complaint for these purposes, "[t]he standard for determining whether a plaintiff has failed to state a claim upon which relief may be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012) (citing *Lopez v. Smith*, 203 F.3d 1122,

2

1127 (9th Cir. 2000)). A Rule 12(b)(6) motion to dismiss challenges whether an asserted claim satisfies the minimum pleading standard for that claim. *See Conservation Force v. Salazar*, 646 F.3d 1240, 1241-42 (9th Cir. 2011) (quoting *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001)) ("A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted 'tests the legal sufficiency of a claim.'").

The requisite minimum pleading standard for an asserted claim varies depending on the type of claim(s) at issue. *Iqbal*, 556 U.S. at 679. The currently applicable minimum pleading standard for social security complaints is set forth in the Supplemental Rules for Social Security Actions Under 42 U.S.C. § 405(g). *See Giselle N. v. Kijakazi*, --- F. Supp. 3d ----, 2023 WL 6307947, at *3 (N.D. Cal. 2023). Under Supplemental Rule 2(b)(1), "[t]he complaint must: (A) state that the action is brought under § 405(g); (B) identify the final decision to be reviewed, including any identifying designation provided by the Commissioner with the final decision; (C) state the name and the county of residence of the person for whom benefits are claimed; (D) name the person on whose wage record benefits are claimed; and (E) state the type of benefits claimed." Fed. R. Civ. P. Supp. Soc. Sec. R. 2(b)(1). Additionally, Supplemental Rule 2(b)(2) provides that the complaint "*may* include a short and plain statement of the grounds for relief." Fed. R. Civ. P. Supp. Soc. Sec. R. 2(b)(2) (emphasis added).

Accordingly, for purposes of § 1915(e)(2)(B)(ii), the Court must apply Supplemental Rule 2(b)(1) to determine whether Plaintiff's Complaint sufficiently states a claim for relief. *Giselle N.*, --- F. Supp. 3d ----, 2023 WL 6307947, at *3. As discussed above, Supplemental Rule 2(b)(1) first requires that a social security complaint "state that the action is brought under § 405(g)." Fed. R. Civ. P. Supp. Soc. Sec. R. 2(b)(1)(A). In the instant Complaint, Plaintiff states: "[T]his court has jurisdiction pursuant to Title 42 U.S.C. § 405(g)." [Dkt. 2 at 2]. Accordingly, the Court finds that Plaintiff's Complaint satisfies the first pleading requirement of Supplemental Rule 2(b)(1).

Supplemental Rule 2(b)(1) next requires that a social security complaint "identify the final decision to be reviewed, including any identifying designation provided by the Commissioner with the final decision." Fed. R. Civ. P. Supp. Soc. Sec. R. 2(b)(1)(B). Here, the Complaint states that

1  Plaintiff "complains of a decision which adversely affect[s] the plaintiff in whole or in part[,]" and
2  that "[t]he January 25, 2023 decision has become the final decision of the Commissioner for
3  purposes of judicial review[.]" [Dkt. 1 at 1]. The Complaint includes Plaintiff's full name, as well
4  as the last four digits of Plaintiff's social security number. *Id.* at 2. Construed according to the
5  proper legal standards, the Court finds this information in the Complaint is sufficient to identify
6  the decision to be reviewed and thus satisfies the second pleading requirement of Supplemental
7  Rule 2(b)(1).

8        Supplemental Rule 2(b)(1) also requires that a social security complaint "state the name
9  and the county of residence of the person for whom benefits are claimed," and "name the person
10  on whose wage record benefits are claimed." Fed. R. Civ. P. Supp. Soc. Sec. R. 2(b)(1)(C). As
11  already noted, the Complaint here includes Plaintiff's full name. The Complaint states that
12  Plaintiff "lives in Oakland, California." [Dkt. 1 at 1]. The Court takes judicial notice that
13  Oakland, California is the county seat of Alameda County. *See* http://www.acgov.org/about/ (last
14  visited February 21, 2024); *see also Muckleshoot Tribe v. Lummi Indian Tribe*, 141 F.3d 1355,
15  1358 n.4 (9th Cir. 1998) ("The court may take judicial notice of undisputed geographical facts.");
16  *Windom-Mattox v. City of Vacaville*, No. C 96-3087 VRW, 1996 WL 557748, at *1 (N.D. Cal.
17  Sept. 26, 1996) ("The court takes judicial notice that the City of Vacaville is located in Solano
18  County."). The Complaint identifies Plaintiff as the individual on whose wage record benefits are
19  claimed. [Dkt. 1 at 2]. Accordingly, the Court finds that Plaintiff's Complaint satisfies the third
20  and fourth pleading requirements of Supplemental Rule 2(b)(1).

21        Finally, Supplemental Rule 2(b)(1) requires that a social security complaint "state the type
22  of benefits claimed." Fed. R. Civ. P. Supp. Soc. Sec. R. 2(b)(1)(E). Here, Plaintiff's Complaint
23  identifies the type of benefits at issue as "Disability Insurance Benefits" and "Supplemental
24  Security Income." [Dkt. 1 at 2]. Accordingly, the Court finds that Plaintiff's Complaint satisfies
25  the final pleading requirement of Supplemental Rule 2(b)(1).

26        For the foregoing reasons, the Court finds that Plaintiff's Complaint satisfies the minimum
27  pleading requirements under Supplemental Rule 2(b)(1) and accordingly the Complaint states a
28  claim for relief. 28 U.S.C. § 1915(e)(2)(B)(ii).

In light of the Court's review of the Complaint and the Court's finding that the averments therein state a claim for relief, the Court further finds that Plaintiff's Complaint is neither frivolous nor malicious. 28 U.S.C. § 1915(e)(2)(B)(i).

Accordingly, and in light of the above analysis, the Court concludes for purposes of mandatory IFP screening that Plaintiff's Complaint is not "frivolous or malicious," does not "fail[] to state a claim on which relief may be granted," and does not "seek[] monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). The Court's determination is without prejudice to further determinations on the merits as this matter proceeds, after the Commissioner appears and both Parties assert any further arguments, records, or other matters following the proper procedures and timing requirements for this case.

Accordingly, it is **ORDERED** that:

1. Plaintiff's Complaint in this case [Dkt. 1] **SHALL NOT** be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

2. In accordance with Rule 3 of the Supplemental Rules for Social Security Actions Under 42 U.S.C. § 405(g), a notice of electronic filing **SHALL** be transmitted to the Social Security Administration's Office of General Counsel and to the United States Attorney's Office for the Northern District of California in lieu of service of a summons. *See* Fed. R. Civ. P. Supp. Soc. Sec. R. 3 ("The court must notify the Commissioner of the commencement of the action by transmitting a Notice of Electronic Filing to the appropriate office within the Social Security Administration's Office of General Counsel and to the United States Attorney for the district where the action is filed. . . . The plaintiff need not serve a summons and complaint under Civil Rule 4.").

**IT IS SO ORDERED.**

Dated: February 21, 2024

_____
PETER H. KANG
United States Magistrate Judge